```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/26/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Natanya Jones,

                Plaintiff,

-against-

Commissioner of Social Security,

                Defendant.

1:21-cv-04156 (SDA)

ORDER

**STEWART D. AARON, United States Magistrate Judge:**

WHEREAS, on October 11, 2023, Plaintiff's counsel, Charles Binder, filed a Petition for attorney's fees pursuant to 42 U.S.C. § 406(b)(1) and on October 25, 2023, Defendant filed a response (Motion, ECF No. 20; Response, ECF No. 24); and

WHEREAS, the Petition is timely. An attorney's fee petition under Section 406(b) should be filed within fourteen days of receiving notice of the Commissioner of Social Security's calculation of benefits on remand. *See Sinkler v. Berryhill*, 932 F.3d 83, 86-90 (2d Cir. 2019). A communication is presumed to be received three days after mailing. *Id*. at 89 n.5. The notice of the Commissioner's calculation was dated September 27, 2023. (Notice, ECF No. 22-1, PDF pp. 6-14.) The Petition was filed on October 11, 2023, and, therefore, is timely; and

WHEREAS, Section 406(b)(1)(A) provides that when a disability claimant is successful in federal court, the court may authorize payment of a reasonable attorney's fees up to 25 percent of the claimant's past-due benefits. 42 U.S.C. § 406(b)(1)(A). Section 406 "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). To determine if a contingent-fee agreement is reasonable, courts can consider (1) "the

character of the representation and the results the representative achieved[;]" (2) whether the claimant's attorney "is responsible for delay[;]" and (3) whether "the benefits are large in comparison to the amount of time counsel spent on the case." *Id*. at 808; *accord Fields v. Kijakazi*, 24 F.4th 845, 853 (2d Cir. 2022). For the third factor, "courts must consider more than the de facto hourly rate." *Fields*, 24 F.4th at 854. Courts also must consider: (1) "the ability and expertise of the lawyers and whether they were particularly efficient, accomplishing in a relatively short amount of time what less specialized or less well-trained lawyers might take far longer to do[;]" (2) "the nature and length of the professional relationship with the claimant—including any representation at the agency level[;]" (3) "the satisfaction of the disabled claimant[;]" and (4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." *Id*. at 854-56; and

      WHEREAS, the fee sought is reasonable. The petition seeks an attorney's fee of $7,600.75, which represents 10.8% percent of the past-due benefits awarded to Plaintiff. (*See* Pl.'s Mem., ECF No. 21, at 2.) Plaintiff's counsel was successful in achieving an award of benefits and nothing in the record suggests any flaw in the character of the representation. Also, nothing in the record suggests that Plaintiff's counsel caused any delay. Finally, considering the *Fields* factors, the Court finds that the award is reasonable and not a windfall. Plaintiff's counsel is an experienced litigator in Social Security cases and represented Plaintiff over an extended period; there is no reason to believe Plaintiff is unsatisfied with the result; and there was uncertainty that the case would result in an award of benefits as evidenced by the prior denials at the agency level (*See* Pl.'s Mem. at 2-3); and

WHEREAS, Plaintiff's counsel acknowledges he must refund the $835.70 fee previously awarded under the Equal Access to Justice Act ("EAJA"). (*See* Pl.'s Mem. at 4.) When a claimant's attorney receives a fee award under the EAJA and Section 406(b), the attorney "must refund to the claimant the amount of the smaller fee." *Gisbrecht*, 535 U.S. at 796 (internal quotation marks and alterations omitted).

NOW, THEREFORE, IT IS HEREBY ORDERED THAT the motion for attorney's fees (ECF No. 20) is GRANTED. Plaintiff's counsel, Charles Binder, is awarded a fee in the amount of $7,600.75. Upon receipt of this sum, Plaintiff's counsel shall promptly refund to Plaintiff the fee awarded under the EAJA in the amount of $835.70.

**SO ORDERED.**

Dated:   New York, New York
         October 26, 2023

_____
STEWART D. AARON
United States Magistrate Judge